Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAIKEL T. SHONOUDA, | Case No.:  17 CV 6098 |
| Plaintiff, | |
| - against - | **COMPLAINT PURSUANT TO FLSA AND NEW YORK LABOR LAW** |
| CHARLES J. NAFIE ARCHITECT DPC, and CHARLES J. NAFIE, individually, | ECF CASE |
| Defendants. | |

Plaintiff, Maikel T. Shonouda ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Charles J. Nafie Architect DPC, and Charles J. Nafie, individually, (individual and corporate defendants collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.    Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.    Plaintiff further alleges that, pursuant to the New York Labor Law and principals of New York contract law, he is entitled to recover from the Defendants: (1) unpaid wages; (2)

liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) pre-judgment and post-judgment interest, and, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of New Jersey.

6.      Upon information and belief, Defendant, Charles J. Nafie Architect DPC, was and is a design professional corporation, formed, existing, and operating under the laws of the State of New York, with a principal place of business located 30 East 60th Street, Suite 905, New York, New York 10022.

7.      Upon information and belief, Defendant, Charles J. Nafie Architect DPC, was and is a corporation existing and operating under the laws of the State of New York, with a principal place of business located at 30 East 60th Street, Suite 905, New York, New York 10022.

8.      Upon information and belief, Defendant, Charles J. Nafie, is an officer, director and/or managing agent of Charles J. Nafie Architect DPC, whose home address is unknown at this time, and who participated and continues to participate in the day-to-day operations of Charles J. Nafie Architect DPC, and acted intentionally and maliciously and was plaintiff's "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder,

2

29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Charles J. Nafie Architect DPC.

9. Plaintiff was employed by Defendants, in New York County, New York project manager, commencing in or about June 2015, through in or about March 15, 2017.

10. Defendant, Charles J. Nafie, exercised control over the terms and conditions of Plaintiff's employment in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

11. At all relevant times, Charles J. Nafie Architect DPC was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendant, Charles J. Nafie Architect DPC, (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce; and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13. In connection with his employment, plaintiff regularly transmitted material goods and information across state lines.

14. In connection with his employment, Plaintiff utilized the internet, the telephones, the mails, and various modes of transportation to transmit information, tangible and intangible, across state lines.

15. At all times relevant to this litigation, Defendants were Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

16.     At all relevant times the work performed by Plaintiff was directly essential to the business operated by Charles J. Nafie Architect DPC.

17.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, in contravention of the FLSA and New York Labor Law.

18.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

19.     In or about June 2015, Plaintiff, Maikel T. Shonouda, was hired by Defendants to work as a project manager, for Defendants.

20.     Plaintiff, Maikel T. Shonouda, worked for the Defendants continuously beginning in June 2015, through March 15, 2017.

21.     During Plaintiff's employment by Defendants, he worked approximately forty (40) hours per week. In the beginning, pursuant to agreement between Plaintiff and Defendants, Plaintiff was paid $23.00 per hour; his hourly rate was increased to $25.00 per hour in 2016.

22.     During Plaintiff's employment, he was paid by check.

23.     Plaintiff was not paid any wages for approximately thirty-five (35) weeks in which he worked, during the course of his employment.

24.     Plaintiff did not receive the annual wage notices required by New York State regulations.

25.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff for work performed over forty (40) hours in a workweek.

4

26.     At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

27.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "26" of this Complaint as if fully set forth herein.

28.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

29.     Plaintiff herself is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

30.     At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

31.     Upon information and belief, at all relevant times throughout Plaintiff's employment, Defendants had annual gross revenues in excess of $500,000.

32.     Plaintiff was not paid any wages during approximately thirt-five (35) weeks, despite acknowledging that wages were owed and providing assurances that such wages would be paid.

33.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

34.     As a direct and proximate result of the Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

35.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in the amount of approximately thirty-five thousand dollars ($35,000), plus an equal amount as liquidated damages, and prejudgment interest thereon.

36.     Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

37.     Defendant, Charles J. Nafie, is an individual who, upon information and belief, manages Charles J. Nafie Architect DPC, and controls all business decisions at Charles J. Nafie Architect DPC, including but not limited to, the decisions of what compensation the employees will receive and the number of hours the employees, including Plaintiff, will work.

38.     At all relevant times herein, Plaintiff performed his duties for Charles J. Nafie Architect DPC under the direction and control of Defendant Charles J. Nafie.

39.     At all relevant times herein, Defendant Charles J. Nafie made decisions as to hiring, firing, and as to wages, and acted as Plaintiff's employer as such term is used for purposes of the FLSA.

## COUNT II
### [Violation of the New York Labor Law]

40.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

42.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all weeks worked.

43.     Defendants did not provide Plaintiff with a document or written statement accurately accounting for his actual hours worked.

44.     Plaintiff was not paid wages for all weeks worked.

45.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

46.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages at his agreed upon hourly rate of $23.00 - $25.00 per hour, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.  Plaintiff also respectfully seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

47.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

49.     Plaintiff was not provided with a proper wage notice as required by law.

50.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## COUNT IV
### [Breach of Contract]

51.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

7

52.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of any state law claims that arose out of the same transactions or controversies pleaded in Plaintiff's main claims that they form part of the same case or controversy.

53.     A New York state common law claim of breach of contract prohibits any party to the contract to breach its agreed upon duties and obligations to the disadvantage of the other contracting party.

54.     Plaintiff and Defendants entered into a written employment contract, which set forth the terms of Plaintiff's employment and Defendants' pay obligations for work performed by Plaintiff.

55.     Plaintiff performed his obligations under the terms of each of the aforementioned contract.

56.     Defendants breached the terms of each of the aforementioned contracts by failing to pay Plaintiff in accordance with the terms thereof.

57.     Defendants' breach of each of the aforementioned contract directly and proximately caused financial damage to Plaintiff.

### PRAYER FOR RELEIF

WHEREFORE, Plaintiff, Maikel T. Shonouda, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages due under the FLSA and New York Labor Law;

(b)     An award of liquidated damages as a result of Defendants' failure to pay wages pursuant to 29 U.S.C. § 216;

(c)     An award of liquidated damages as a result of Defendants' failure to pay wages, pursuant to the New York Labor Law;

(d)     An award of prejudgment and post-judgment interest;

(e)     An award of costs and expenses of this action with reasonable attorneys' fees;,

(f)     Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 13, 2017

                              Respectfully submitted,

                              CILENTI & COOPER, PLLC
                              **Attorneys for Plaintiff**
                              708 Third Avenue – 6th Floor
                              New York, NY 10017
                              T. (212) 209-3933
                              F. (212) 209-7102
                              pcooper@jcpclaw.com


       By:      _____
                     Peter H. Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _____Maikel Shonouda_____, am an employee currently or formerly employed by _____Charles J. Nafie Architect_____, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____Aug 4,_____, 2017

_____Maikel Shonouda_____.