# Wasch & Ritson LLC
*A Pennsylvania LLC*

Nancy L. Wasch, Esq.
Member of the PA Bar
nwasch@waschritson.com

Daniel C. Ritson, Esq.
Member of the NJ and NY Bars
dritson@waschritson.com

749 Spring Valley Road
Doylestown, PA 18901
(215) 340-1413

One Third Avenue, Ste 1126
Mineola, NY 11501
(973) 650-6245

November 27, 2017

**Via ECF**
Hon. Robert W. Sweet, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: Maikel T. Shonouda v. Charles J. Nafie Architect DPC, et al.
    Case No.: 1:17-cv-6098-RWS

Dear Judge Sweet:

  We currently represent Defendants Charles J. Nafie Architect DPC and Charles J. Nafie (together, "Defendants"). We write to seek the Court's leave to file a motion to be relieved as counsel, pursuant to Local Civil Rule 1.4. We seek such leave prior to formally moving, to respectfully request the Court's permission to file a hard copy of the affidavit in support of the motion (as opposed to filing the same via ECF), for review by your Honor *in camera*.

  The bases for our proposed motion are an irreparable breakdown in the attorney-client relationship and what appears to be the deliberate breach by Defendants of our agreement with respect to fees. In that regard, we have reviewed Formal Opinion 476, *Confidentiality Issues When Moving to Withdraw for Nonpayment of Fees in Civil Litigation*, dated December 19, 2016, issued by the American Bar Association's Standing Committee on Ethics and Professional Responsibility. We noted the Standing Committee's citation to Comment [16] to ABA Model Rule 1.6, the relevant portion of which is identical to language appearing in Comment [14] to New York Rule of Professional Conduct 1.6, and which provides:

> In any case, a disclosure adverse to the client's interest should be no greater than the lawyer reasonably believes necessary to accomplish the purpose. If the disclosure will be made in connection with a judicial proceeding, the disclosure should be made in a manner that limits access to the information to the tribunal or other persons having a need to know it and appropriate protective orders or other

November 27, 2017
Page 2 of 2

>arrangements should be sought by the lawyer to the fullest extent practicable.

In light of the above, we in good faith submit that the extended facts supporting our motion to be relieved as counsel should be reviewed *in camera*, as the disclosure of several of such facts would be adverse to Defendants' interests.

Please note that Defendant Charles J. Nafie, who also is the principal of the corporate Defendant, has been copied on this correspondence. We have transmitted a copy of this letter both via email, by which we regularly have communicated with Mr. Nafie, and via mail. Please also note that we provided Mr. Nafie with written notice, on both November 18, 2107 and November 26, 2017, of this application.

Finally, for reference, please note that Defendants' response to Plaintiff Maikel T. Shonouda's Complaint currently is due to be filed by December 8, 2017. Despite repeated requests, we have not received any documents or information from Defendants that would enable us to adequately address the Complaint, nor to pursue resolution as I indicated we intended to do, per my letter dated November 3, 2017 [DE 11].

Your Honor's consideration of the above is greatly appreciated.

Respectfully submitted,

DANIEL C. RITSON

cc:   Peter H. Cooper, Esq. (via ECF)
      Charles J. Nafie (via email and First Class Mail)