UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAIKEL T. SHONOUDA,<br><br>Plaintiff,<br><br>- against -<br><br>CHARLES J. NAFIE ARCHITECT DPC,<br>and CHARLES J. NAFIE, individually,<br><br>Defendants. | Case No.: 17 cv 6098<br>(RWS)(SN)<br><br>MEMORANDUM OF LAW<br>IN SUPPORT OF<br>PLAINTIFF'S MOTION<br>FOR A DEFAULT<br>JUDGMENT |

## I. RELIEF SOUGHT

Plaintiff Maikel T. Shonouda ("plaintiff"), by and through his attorneys, Cilenti & Cooper, PLLC, moves this Court for entry of a default judgment against defendants Charles J. Nafie Architect DPC and Charles J. Nafie, individually (collectively, "defendants"), for alleged violations of federal and New York State wage and hour laws. *See*, Plaintiff's complaint, Exhibit "A"[1], pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff requests that judgment be entered as set forth in the proposed default judgment, annexed to the Declaration of Peter H. Cooper, dated January 16, 2018 ("Cooper Declaration"), Exhibit "I".

## II. NATURE OF THE ACTION

This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), in which plaintiffs seek to recover from the defendants: (1) unpaid wages; (2) liquidated damages; and (3) attorneys' fees and costs.

---

[1]   Unless otherwise stated, all exhibits are attached to the accompanying declaration of Peter H. Cooper, Esq., dated January 16, 2018.

Plaintiff further alleges, pursuant to the New York Labor Law, that he is entitled to recover from the defendants: (1) unpaid wages; (2) statutory penalties pursuant to the New York State Wage Theft Prevention Act; and (3) liquidated damages;(4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

### III.   PROCEDURAL HISTORY:
### FAILURE OF DEFENDANTS TO DEFEND

On August 13, 2017, plaintiff filed a summons and complaint naming as defendants: Charles J. Nafie Architect DPC and Charles J. Nafie, individually.  A true and complete copy of the summons and complaint is attached to the Cooper Declaration as Exhibit "A".

On August 23, 2017, defendants were served with the summons and complaint, by handing same to a person authorized to accept service, and by mailing a copy to the defendants. True and complete copies of the affidavits of service of the summons and complaint upon defendants are attached to the Cooper Declaration, as Exhibit "B".

On November 3, 2017, defendants appeared by counsel and the court extended defendants' time to answer the complaint multiple times, ultimately, to December 13, 2017. *See*, Docket #19

On or about November 30, 2017  , defense counsel Wasch and Ritson, LLC, filed a motion to withdraw as counsel for the defendants. *See*, Docket #16

On or about December 13, 2017, the district court granted defense counsel's unopposed motion to withdraw. A copy of the order is annexed to the Cooper Declaration as Exhibit "D" and is docketed on December 13, 2017. Docket #20

Thereafter, the individual defendant has indicated that he would be retaining new counsel, but has taken no steps to extend his time to answer, and no counsel has appeared on behalf of the defendants.

On December 15, 2017, the Clerk of Court filed a Certificate noting the default of defendants. A copy of the clerk's certificate of default is annexed to the Cooper Declaration as Exhibit "E".

Presently, defendants remain in default, without counsel to defend the case.

At this time defendants has failed to defend the case despite ample time and multiple opportunities to retain counsel. Defendants are in default.

## IV.  CONTROLLING LAW

Given defendants failure to defend, a default judgment should be entered. Rule 55(a) of the Federal Rules of Civil Procedure provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, pursuant to Rule 55(b) and Local Civil Rule 55.2, where, as here, the claim is not "for a sum certain or a sum that can be made certain by computation" and includes a request for attorneys' fees or other substantive relief," the party "must apply to the court for a default judgment," and "shall append to the application (1) the clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."

Dispositions of motions for default judgment are left to the sound discretion of the district court. *Shah v New York State Department of Civil Service*, 168 F.3d 610, 615 (2d Cir. 1999). In civil cases, where a party fails to defend, after notice the court is ordinarily

justified in entering a judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2). See, *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir 1984).

The instant application for default should be granted because defendants have not defended the case since their counsel withdrew, or otherwise appeared or moved for additional time. See, Fed. R. Civ. Pro. 12(a); 15(a)(3). Therefore, the defaulting defendants, having failed to provide any explanation for their failure to defend, have defaulted willfully. *Mason Tenders Dist. Counsel v. Duce Construction*, 2003 U.S. Dist. LEXIS 6881 at *6. As a result of their default, defendants are deemed to have admitted the well-pleaded allegations of the complaint, other than those as to the amount of damages. *Id.*

Moreover, this Memorandum, together with the accompanying Declaration of Peter H. Cooper, Esq., and the exhibits attached thereto, and the accompanying affidavits of plaintiff, constitute plaintiff's proposed findings of fact and conclusions of law concerning damages, and form a sufficient basis upon which the court may enter judgment. Alternatively, the court may set the matter down for an inquest hearing.

The defendants' default is a basis for which this court should find that the plaintiff has established liability under FLSA and the New York Labor Law. The Fair Labor Standards Act ("FLSA") protects employees from, among other things, working without compensation.

Under both the Fair Labor Standards Act and the New York Labor Law, Plaintiff's burden of proof as to the hours and wages is satisfied by "sufficient evidence to show the amount and extent of [their] work as a matter of just and reasonable inference." *Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58, 67 (2d

Cir. 1997) (quoting *Anderson v. Mt. Clemmons Pottery Co.*, 328 U.S. 680, 687 (1946). In

*Mt. Clemons*, the Supreme Court explained the rationale behind this rule:

> [W]here the employer's records are inaccurate or inadequate… the solution … is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work.   Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act.

*Mt. Clemens*, 328 U.S. at 687.

Under these circumstances, when a defendant has defaulted, "plaintiffs'

recollection and estimates of hours worked are presumed to be correct." *Chen v. Jenna*

*Lane, Inc.*, 30 F.Supp.2d 622, 624 (S.D.N.Y. 1998); *See also, Doo Nam Yang v. ACBL*

*Corp.*, 427 F.Supp.2d 327, 355 (S.D.N.Y. 2005) (It is possible for plaintiffs to meet their

burden by relying on their recollections alone.)

Plaintiff's allegations in the complaint, based on his recollection, and

supplemented herein by duly his sworn affidavit and counsel's calculations, is sufficient

to establish plaintiff's entitlement to recovery under the Fair Labor Standards Act and the

New York Labor Law.

This court can award damages based upon the plaintiff's affidavit and counsel's

calculation of damages. *See*, accompanying affidavits of plaintiffs' *see also*, Cooper

Declaration. As alleged and established herein, plaintiff worked approximately thirty-five

(35) weeks without payment of wages.

## V.  CALCULATION OF DAMAGES

Plaintiff Maikel T. Shonouda was employed as a project manager at Defendants' architectural and design company located at 30 East 60th Street, Suite 905, New York, New York. His dates of employment were June 2015 though March 15, 2017. *See* Complaint; *see also*, accompanying affidavit of Maikel T. Shonouda, para. 3. ("Shonouda affidavit")

During his employment, plaintiff was not paid any wages for approximately thirty-five (35) weeks of work. Moreover, during the relevant time period, plaintiff's regular rate of pay was twenty-five dollars ($25.00) per hour, and he worked approximately forty (40) hours per week. Plaintiff used time sheets, and was paid be check; a summary of Mr. Shonouda's damages has been prepared based upon counsel's review of his payroll records and Mr. Shonouda's affidavit. *See*, Cooper declaration, Exhibit "G".

### Liquidated Damages

Under the FLSA, plaintiff is entitled to recover not only unpaid wages and overtime compensation, but also an equal amount in liquidated damages, equal to the amount of the delinquency, and attorneys' fees and costs.  29 U.S.C. § 216(b) (stating that any employer who fails to pay minimum wages or overtime "shall" be liable "in an equal amount as liquidated damages.") Under the FLSA, liquidated damages are considered compensatory, not punitive, and generally awarded. *Pavia v. Around the Clock Grocery*, 2005 U.S. Dist. LEXIS 43229 (E.D.N.Y. November 15, 2005).  New York State law also awards liquidated damages of 100% unpaid wages and overtime wages since April 2011.

Plaintiff does not seek to "stack" the liquidated damages. Plaintiff seek only New York State Liquidated Damages. The automatic damages awarded under either the FLSA and/or New York Labor Law compensate plaintiffs for the delay in receiving his wages. Therefore, Plaintiff is entitled to the liquidated damages award of 100% of the unpaid wages, as summarized by counsel in Exhibit "G".

## VI.  STATUTORY PENALTIES

Statutory damages are available for the employer's failure to provide an annual wage notice. Its failure to provide a wage notice entitles each plaintiff to a statutory penalty of $50.00 per week for workday the violation continued to occur, to a maximum of $5,000. New York Labor Law Sec. 198(1-b). Plaintiff alleges that he was never provided with the required wage notice, and as such, should recover the penalty afforded by the statute. Exhibit "A", page 7.

## VII. SUMMARY OF DAMAGES FOR PLAINTIFF

As detailed in this memorandum, plaintiff is entitled to unpaid compensation, liquidated damages, and statutory penalties pursuant to the New York Wage Theft Prevention Act, enacted in 2010 and effective April 2011. Plaintiff's affidavit, accompanying this motion, sets forth the number of weeks worked, the hours worked per week, and his regular hourly rate of pay. Based upon plaintiff's best approximations, supported by record, and the legal principles discussed herein, a damages summary has been prepared by counsel for the plaintiff. *See*, Exhibit "G". As set forth in the damages chart prepared by counsel, plaintiff is entitled to *$70,000.00*, plus a $5,000 statutory penalty for the wage notice violation, for a total of *$75,000.00*

## VIII. ATTORNEYS' FEES

Both the FLSA and the NYLL provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added); N.Y. Lab. Law 198(1-a), 663(1). Through present, Cilenti & Cooper, PLLC incurred over 16 hours of attorney time, in addition to out-of-pocket expenses, as detailed in the attached invoice. Cilenti & Cooper, PLLC has not received any remuneration for its time, or reimbursement of its expenses.

Plaintiffs' attorney Peter H. Cooper, Esq. was admitted to the Southern District of New York in July 1997. He has litigated cases from inception through disposition in New York State Supreme Court, the Appellate Divisions of the New York Supreme Court, and the Federal District Courts for the Southern and Eastern Districts of New York. He has also appeared before the New York Court of Appeals. Mr. Cooper began his career as a litigation associate with the firm Martin, Clearwater and Bell. Since 2009, he has been a partner at Cilenti & Cooper, PLLC, which focuses on employment matters. All work performed on this matter was conducted by Peter Cooper, whose billable rate is $400.00 per hour. We respectfully submit that these rates are in line with Mr. Cooper's level of experience and a law practice located in the Southern District. Cilenti & Cooper, PLLC's proposed fee is $7,184.00, inclusive of reimbursement for costs incurred. Assuming the within motion is granted and a judgment is entered, Plaintiff will have prevailed, and Plaintiff's counsel Peter H. Cooper, respectfully submits an invoice for attorneys' fees in

connection with this motion for default judgment. (Attached as Exhibit "H" to the accompanying declaration of Peter H. Cooper).

## IX.  CONCLUSION

For all of the foregoing reasons, together with supporting documents and exhibits, plaintiff Maikel T. Shonouda respectfully asks the court to enter judgment in the amount of *$75,000.00*, plus attorneys' fees and costs in the amount of *$7,184.00*.

Dated: New York, New York
       January 16, 2018

Respectfully submitted,

By:_____
      Peter H. Cooper  (PHC 4714)
      CILENTI & COOPER, PLLC
      **Attorneys for Plaintiff**
      708 Third Avenue – 6th Floor
      New York, NY 10017
      Telephone  (212) 209-3933
      Facsimile  (212) 209-7102
      pcooper@jcpclaw.com